# NOS. 12-23-00188-CR
# 12-23-00189-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARIUS REGGIE,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Darius Reggie appeals following the revocation of his community supervision. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the felony offenses of evading arrest with a vehicle and aggravated assault against a public servant, both alleged to have occurred on January 28, 2022. Appellant pleaded "guilty" to both offenses. The trial court found Appellant "guilty" of evading arrest and imposed a probated sentence of ten years' imprisonment. The court deferred a finding of guilt in the aggravated assault case and sentenced Appellant to a ten-year term of community supervision.

On May 4, 2023, the State moved to revoke Appellant's community supervision in both causes and proceed with adjudication based upon his failures to complete monthly community service hours and submit to urinalysis testing. Shortly thereafter, the State moved to withdraw the motion and amend the terms of Appellant's community supervision, including an increased

monthly requirement of community service hours and assignment to a higher level of supervision.

In July 2023, the State again moved to revoke Appellant's community supervision in both causes based on Appellant's additional violations of his community supervision requirements, including failures to complete monthly community service hours, submit to urinalysis testing, pay court costs as ordered, and complete educational requirements. The trial court held a hearing on the State's motion, at which Appellant pleaded "true" to the violations as alleged in both causes. At the conclusion of the hearing, the trial court found that Appellant violated the terms of his community supervision. The court revoked Appellant's community supervision and sentenced Appellant to ten years' imprisonment for the offense of evading arrest. The court also adjudicated Appellant "guilty" of aggravated assault against a public servant as charged in the indictment and sentenced Appellant to thirty-five years' imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. She further relates that she is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We likewise reviewed the record for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits.

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief (which addresses both cause numbers), notified Appellant of her motions to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief or briefs. The time for filing such a brief has expired and no pro se brief has been filed.

Having done so and finding no reversible error, we **grant** Appellant's counsel's motion for leave to withdraw and **affirm** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he either must retain an attorney to file a petition for discretionary review on his behalf or must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered January 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 3, 2024**

**NO. 12-23-00188-CR**

**DARIUS REGGIE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court
of Smith County, Texas (Tr. Ct. Nos. 114-1233-22)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 3, 2024**

**NO. 12-23-00189-CR**

**DARIUS REGGIE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr. Ct. Nos. 114-1234-22)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*